BLANCJOUR, Respondent, v. TUTT *et al.*, Appellants.

*Evidence.*—Declarations made by the endorser of a bill of exchange, or note, affecting the validity of the bill, and not known to the endorsee, are not evidence against the endorsee.

*Appeal from Weston Court of Common Pleas.*

*Merryman*, for appellant.

Were the declarations of Young competent testimony for Tutt if they were made while he was the owner of the bill ? We think they were competent testimony. Suppose Young had never negotiated the bill, and had sued Tutt in his own name. We think, in that case, his confessions would be competent. Then the transfer of it did not change the law, so far as Tutt was concerned, nor his defence, nor the rule of evidence.

The fact that Young being made a party to the suit does not affect Tutt's defence, nor the rule of testimony, Young being only an endorser of the bill. And the law-makers did not intend, by giving the endorsee a remedy against all the parties in one suit, to change the rule of evidence. (1 Greenl., § 191.)

*Burns, Wolf & Burns,* for respondent.

I. The declarations of Young, to be material under any circumstances, must be shown to have been made while he was the owner and in the possession of the draft. This is not shown by the record.

II. The appellants do not pretend that the appellee was any other than an innocent endorsee for value without notice, and in such case it cannot be sustained that the declarations of the assignor are admissible, especially where the note was negotiated before it was dishonored. (1 Greenl. Ev., p. 231, § 190.)

III. Our statute will not be construed so as to defeat the rights of an innocent purchaser without notice. It gives to the maker of notes, &c., executed for gaming considerations the right to sue within three months, to vacate, annul, or set aside notes and judgments founded upon such considerations, but it was not intended that any maker of such a note should suffer it to remain in circulation for a whole year and then avoid it, even if in the hands of an innocent purchaser for value, without notice, endorsed before maturity.

IV. In the hands of an innocent endorsee for value, without notice, and before maturity, this bill is neither void, nor are the declarations of the endorser material.

V. The declarations of Young are immaterial on another ground. He was a party defendant to the record, and as such his admissions were inadmissible for himself or his co-defendant.

BATES, Judge, delivered the opinion of the court.

The plaintiff sued Tutt as drawer and Young as endorser of a bill of exchange, which was endorsed by Young to the

plaintiff. Young failed to answer. Tutt answered that the bill was given without consideration, it being for a sum won by Young from him in gaming with cards. Verdict and judgment were given for the plaintiff.

The court instructed the jury that the plaintiff was entitled to recover, unless the bill of exchange was executed for money won at cards by Young from Tutt. As no other defence was made, this instruction properly declared the law.

At the trial, the defendant Tutt offered to prove declarations made by the other defendant Young, but without showing the time when they were made with reference to the time of the transfer of the bill to the plaintiff, and without showing any knowledge of them by the plaintiff. The declarations of Young were objected to as evidence, and rejected by the court. The court also instructed the jury that "the declarations of Young are excluded from the jury, so far as they occurred anterior to the assignment." There was no error in rejecting this testimony. Declarations made by the endorser of a bill of exchange affecting the validity of the bill, and not known to the endorsee, are not evidence against the endorsee.

Judgment affirmed. Judges Bay and Dryden concur.